

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*                              *John Joseph Moakley United States Courthouse*
                                                              *1 Courthouse Way*
                                                              *Suite 9200*
                                                              *Boston, Massachusetts 02210*

March 8, 2005

John H. LaChance
600 Worcester Road
Suite 501
Framingham, MA 01702-5360

Re:  DWAYNE THOMAS  05 - 10083 - JLT
     Case Number: ~~CSM-1032-JCB~~

Dear Mr. LaChance:

This letter sets forth the Agreement between the United
States Attorney for the District of Massachusetts ("the U.S.
Attorney") and your client, DWAYNE THOMAS ("Defendant"), in the
above-captioned case.  The Agreement is as follows:

1.   Change of Plea

At the earliest practicable date as set by the Court,
Defendant shall plead guilty to all counts in the attached
Information:  Defendant expressly and unequivocally admits that
he in fact knowingly, intentionally and willfully committed the
crimes charged in counts one through nine of the attached
Information.

2.   Penalties

Defendant faces the following maximum penalties: Thirty
years imprisonment, five years of supervised release a fine of
$1,000,000, restitution, and a $100 special assessment.

3.   Sentencing Guidelines

The sentence to be imposed upon Defendant is within the
discretion of the sentencing Court, subject to the statutory
maximum penalties set forth above, and the provisions of the

Sentencing Reform Act and the United States Sentencing Guidelines
promulgated thereunder, as modified by United States v. Booker
and United States v. Fanfan, ___ U.S. ___ , 2005 WL 50108
(January 12, 2005). In imposing the sentence, the Court must
consult and take into account the United States Sentencing
Guidelines, along with the other factors set forth in 18 U.S.C.
§3553(a).

The parties will take the following positions at sentencing
with respect to the application of the United States Sentencing
Guidelines:

The parties agree to take the position that the base offense
level pursuant to U.S.S.G. § 2B1.1(a)(1) is seven (7), with a six
(level) increase because the loss in this case was more than
$30,000 and less than $70,000, pursuant to U.S.S.G. §
2B1.1(b)(1)(D).

The Defendant agree that he will provide at least two weeks
notice before sentencing in this matter if he seeks a departure
from the sentencing range established by the United States
Sentencing Guidelines, except under the conditions explicitly set
forth in Section 7.

The U.S. Attorney expressly reserves the right to seek
an upward departure pursuant to U.S.S.G. §4A1.3 should any of
Defendant's prior state convictions be vacated or Defendant's
Criminal History Category otherwise change after his indictment
in this case. Thus, for example, the government may contend that
an upward departure under §4A1.3 is appropriate if a state-court
conviction that existed at the time of Defendant's indictment is
vacated and that vacation alters Defendant's Criminal History
Category.

Based on Defendant's prompt acceptance of personal
responsibility for the offenses of conviction in this case, and
information known to the U.S. Attorney at this time, the U.S.
Attorney agrees to recommend that the Court reduce by two levels
Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to
recommend a reduction under U.S.S.G. § 3E1.1 if, at any time
between his execution of this Agreement and sentencing Defendant:

> (a) Fails to admit a complete factual basis for the
> plea;
>
> (b) Fails to truthfully admit his conduct in the

2

offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. Sentence Recommendation

In the event the U.S. Attorney does not file a motion under U.S.S.G. §5K1.1, the U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) A period of incarceration at the low end of the guideline range;

3

(b)   A fine at the low end of the applicable fine range unless the court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)   Restitution of an amount to be determined by the court;

(d)   Mandatory special assessment;

(f)   A three year period of supervised release.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.   Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.   Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

4

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

(2) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7.   Cooperation

a.   Terms of Cooperation

Defendant agrees to cooperate fully with law enforcement agents and government attorneys. He must provide complete and truthful information to all law enforcement personnel. If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, he must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

5

        To enable the Court to have the benefit of all relevant
sentencing information, Defendant waives any rights he may have
to prompt sentencing and will join in any requests by the U.S.
Attorney that sentencing be postponed until Defendant's
cooperation is complete.  Defendant understands that the date of
Defendant's sentencing is within the sole discretion of the Court
and that this Agreement may require Defendant's cooperation to
continue even after Defendant has been sentenced.  Defendant's
failure to continue to cooperate pursuant to the terms of this
Agreement after sentence is imposed shall constitute a breach of
this Agreement by Defendant.

        b.    Substantial Assistance Motion

        In the event that Defendant provides substantial assistance
in the investigation or prosecution of another person who has
committed a criminal offense, the U.S. Attorney agrees that, at
or before the time of sentencing, the U.S. Attorney will make a
motion under U.S.S.G. § 5K1.1, so that the sentencing court may
impose a sentence below that which otherwise would be required
under the relevant statutes.

        The determination whether Defendant has provided substantial
assistance rests solely in the discretion of the U.S. Attorney
and is not subject to appeal or review.  The U.S. Attorney
expressly reserves the right to decline to file a motion pursuant
to U.S.S.G. § 5K1.1 if Defendant violates any condition of his
pretrial release, violates any of the requirements of honesty and
candor detailed in paragraph 9(a) above, or engages in any
criminal conduct after the date he signs this Agreement.
Defendant may not withdraw his plea if the U.S. Attorney
determines that Defendant has not rendered substantial
assistance, or if the Court refuses to grant the U.S. Attorney's
motion for a downward departure.

        c.    Sentence Recommendation with Substantial
              Assistance

        If Defendant provides substantial assistance, subject to all
the provisions of paragraphs 9(a) and (b) above, the U.S.
Attorney will advise the sentencing judge of the full nature,
extent and value of the assistance provided by Defendant.

        The U.S. Attorney reserves the right to recommend a
particular sentence or sentencing range, or to make no
recommendation at Defendant's sentencing.

                                    6

### d. Letter Immunity

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement against Defendant in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

### 8. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to

7

follow the Sentencing Guidelines calculations or recommendations
of the U.S. Attorney, the U.S. Attorney reserves the right to
defend the sentencing judge's calculations and sentence in any
subsequent appeal or collateral challenge.

## 9.   Civil Liability

By entering into this Agreement, the U.S. Attorney does not
compromise any civil liability, including but not limited to any
tax liability, which Defendant may have incurred or may incur as
a result of his conduct and his plea of guilty to the charges
specified in paragraph one of this Agreement.

## 10.   Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court
for whatever reason, or later be withdrawn on motion of
Defendant, this Agreement shall be null and void at the option of
the U.S. Attorney.

## 11.   Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to
comply with any provision of this Agreement, has violated any
condition of his pretrial release, or has committed any crime
following his execution of this Agreement, the U.S. Attorney may,
at his sole option, be released from his commitments under this
Agreement in their entirety by notifying Defendant, through
counsel or otherwise, in writing.  The U.S. Attorney may also
pursue all remedies available to him under the law, irrespective
of whether he elects to be released from his commitments under
this Agreement.  Further, the U.S. Attorney may pursue any and
all charges which have been, or are to be, dismissed pursuant to
this Agreement.  Defendant recognizes that no such breach by him
of an obligation under this Agreement shall give rise to grounds
for withdrawal of his guilty plea.  Defendant understands that,
should he breach any provision of this agreement, the U.S.
Attorney will have the right to use against Defendant before any
grand jury, at any trial or hearing, or for sentencing purposes,
any statements which may be made by him, and any information,
materials, documents or objects which may be provided by him to
the government subsequent to this Agreement, without any
limitation.  In this regard, Defendant hereby waives any defense
to any charges which he might otherwise have under any statute of
limitations or the Speedy Trial Act.

8

12.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13.  Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case.  No promises, representations or agreements have been made other than those set forth in this letter.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Seth P Berman.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:
STEPHEN P. HEYMANN
Section Chief

SETH P. BERMAN
Assistant U.S. Attorney

9

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it
with my attorney. I hereby acknowledge that it fully sets forth
my agreement with the United States Attorney's Office for the
District of Massachusetts. I further state that no additional
promises or representations have been made to me by any official
of the United States in connection with this matter. I understand
the crimes to which I have agreed to plead guilty, the maximum
penalties for those offenses and Sentencing Guideline penalties
potentially applicable to them. I am satisfied with the legal
representation provided to me by my attorney. We have had
sufficient time to meet and discuss my case. We have discussed
the charges against me, possible defenses I might have, the terms
of this Plea Agreement and whether I should go to trial. I am
entering into this Agreement freely, voluntarily, and knowingly
because I am guilty of the offenses to which I am pleading guilty
and I believe this Agreement is in my best interest.

DWAYNE THOMAS
Defendant
Date: 3/22/05

I certify that Defendant's Name has read this Agreement and
that we have discussed its meaning. I believe he understands the
Agreement and is entering into the Agreement freely, voluntarily
and knowingly.

JOHN H. LACHANCE, Esq.
Attorney for Defendant

Date: March 17, 2005

10